UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RHONDA KENNEDY | CIVIL ACTION NO. 10-1152 |
| VERUS | JUDGE S. MAURICE HICKS, JR. |
| GOLDEN CORRAL CORPORATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss or in the Alternative to Compel Plaintiff's Response to Discovery (Record Document 24) filed by Golden Corral Corporation ("Golden Corral"). For the reasons that follow, Defendant's Motion to Compel Plaintiff's Response to Discovery is **GRANTED** and Defendant's Motion to Dismiss is **DENIED**.

Plaintiff Rhonda Kennedy ("Kennedy") filed a complaint alleging age discrimination, retaliation, and race discrimination. (Record Document 1). On August 2, 2011, the Court issued an order stating initial disclosures were due September 13, 2011. (Record Document 18). On September 20, 2011, the Court issued a scheduling order stating the deadline for parties to exchange witness lists was December 1, 2011. (Record Document 22). The Defendant served its first set of interrogatories and first request for production of documents on the Plaintiff October 18, 2011. (Record Document 24-4 at 2).

The Defendant has sent Kennedy multiple requests for her initial disclosure and for responses to Defendant's first set of discovery requests. See id. As of the filing of its motion, Golden Corral had not received any of the aforementioned documents from Kennedy.

"If a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders." Those may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. Rules of Civ. Proc. Rule 37(b)(2)(A). The decision as to which order it chooses to issue is left to the discretion of the Court . National Hockey League v. Metropolitan Hockey Club Inc., 427 U.S. 639 (1976). (Where the Supreme Court affirmed a district court's dismissal of an action after a party failed to participate in discovery.)

In this case, Plaintiff's only reason for her failure to comply with the Court's orders is that Plaintiff's counsel had trouble locating Kennedy so as to respond to discovery, exchange a witness list, or provide initial disclosures.

The first document the Plaintiff was to file was her initial disclosure, due September 3rd, 2011. As of the date of this order, the initial disclosures are roughly five months overdue. While the Court is heavily persuaded to grant Golden Corral's request for dismissal of Kennedy's complaint, such action is premature. Therefore, Plaintiff is hereby compelled to respond to Defendant's discovery request, turn over her witness list, and her initial disclosure by **Friday, January 20th 2012**. If the Plaintiff fails to comply with this order, dismissal of her case will be strongly considered by the Court. An assessment of costs will be issued against Plaintiff in due course.

Accordingly,

**IT IS ORDERED** that Defendant Golden Corral Corporation's Motion to Compel Plaintiff's Response to Discovery is **GRANTED**. Plaintiff is ordered to provide Golden Corral with all due discovery documents by **Friday January 20th, 2012.**

**IT IS FURTHER ORDERED** that Defendant Golden Corral Corporation's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 13th day of January, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE